IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEE TORRES AND NOEL TORRES, | |
| Plaintiffs, | Case No. 20-cv-04138 |
| v. | Judge Mary M. Rowland |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Rosee and Noel Torres bring this action against Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, Inc.; Intercounty Judicial Sales Corp.; MR Capital Group, LLC; Manley Deas Kochalski, LLC; Joel Knosher; Edward Peterka; and Robert Metz alleging a variety of federal and state law violations related to property in which the couple had an interest. The defendants have filed Motions to Dismiss. For reasons stated herein, the defendants' Motions to Dismiss [16, 18, 35, 45, 55] are granted. All counts are dismissed with prejudice. The Plaintiffs have also filed a Motion to Strike the defendants' motions. This Motion to Strike [61] is denied as to all defendants.

**I. Background**

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). The pro se Complaint is difficult to understand, and this section seeks to articulate the plaintiffs' allegations clearly and

1

provide necessary context. The Court is conscious that a "document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Rosee and Noel Torres are a married African American and Hispanic couple who live in Chicago. Dkt. 1 at 2. Wells Fargo is a national bank. *Id*. MDK and its attorneys represented Wells Fargo in the foreclosure and sale of the Torres' home, 3546 West Beach Avenue, in 2018 and 2019. *Id*.

The couple bring a variety of claims against the defendants under federal and state law, including alleged violation of RICO, the civil rights acts, and state contract law. *Id*. at 7, 8, 11. In all counts brought, they allege that the defendants' actions improperly caused: 1) the loss of their home at 3546 West Beach Avenue; 2) the loss of their ability to purchase the homes at 3542 and 3550 West Beach Avenues (the "neighboring properties"); and 3) the loss of their down payments on those properties. *Id*. They also allege other, derivative harms. *Id*.

In 2004, the Torres couple sought to purchase the properties neighboring their home. *Id*. at 3. They applied for a mortgage with a company called World Savings, but their application was rejected due to the company's discriminatory policies. *Id*. at 3. Eventually, World Savings agreed to settle the dispute. *Id*. The money from the settlement was to go towards the purchase of the neighboring properties. *Id*. Apparently, the purchase never took place. The Complaint does not explain how the

defendants allegedly prevented the couple from purchasing the neighboring properties.

Meanwhile, World Savings' parent company was purchased by Wells Fargo in 2010. *Id.* at 4. The Torres couple owned their home in full, with no outstanding mortgages. *Id.* Wells Fargo, however, had gained access to the information and unexecuted forms that they had submitted to World Savings when applying for mortgages for the neighboring properties. *Id.* at 2, 4. Wells Fargo then used this material to create a fraudulent mortgage note on the Torres' home. *Id.* In 2016, Wells Fargo used this fraudulent note to bring a foreclosure action on the Torres' home in the Circuit Court of Cook County. *Id.* at 4. The state court granted summary judgement to Wells Fargo and the property was sold at auction in 2019. *Id.* The plaintiffs subsequently learned that Wells Fargo's actions were taken as part of its policy of preventing non-white people from owning property in the neighborhood. *Id.* at 6.

In 2019, the Torres couple brought suit in federal court. *Torres v. Judicial Sales Corp., et al.*, case no. 19-cv-00112.[1] That case involved all the same parties as the instant case.[2] In it, they alleged the same scheme by Wells Fargo to foreclose on their home using a fraudulent note based on confidential records. Court Order, 19-cv-00112 Dkt. 23 at 1. The complaint contained very similar counts for relief as the instant

---

[1] Despite the close factual similarities between the instant case and the 2019 one, the plaintiffs failed to note it in their cover sheet. Dkt. 2.

[2] The one exception is the inclusion of Robert Metz in the present lawsuit. As will be seen, however, Metz was named in another, similar lawsuit the plaintiffs subsequently filed in federal court.

3

case and it requested relief from the foreclosure judgement and monetary damages. Complaint, 19-cv-00112 Dkt. 1. It did not, however, request damages related to the inability to purchase the neighboring properties.

In April 2019, the court dismissed the case *sua sponte* for lack of jurisdiction. Court Order, 19-cv-00112 Dkt. 23 at 1. It found that the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine, which prevents federal courts from reviewing state court judgements. *Id*. at 2. The court found that all of the counts were "inextricably intertwined" with the state court judgement, depriving the federal court of jurisdiction. On appeal, the Seventh Circuit affirmed the district court's decision. *Torres v. Judicial Sales Corp.*, 19-1657.

While that case was pending before the Seventh Circuit, the plaintiffs filed another lawsuit in federal district court against MR Capital and Metz. Complaint, 19-cv-06526 Dkt. 1. That case was "basically a reprise" of their previous federal case, dealing with the same factual allegations. Court Order, 19-cv-06526 Dkt. 31 at 1. It too was dismissed on the basis of the *Rooker-Feldman* doctrine. *Id*.

**II. Analysis**

The plaintiffs' Complaint is barred by the principle of res judicata. Res judicata, also known as claim preclusion, "applies to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (quoting *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996)). The test for identity of causes of action "is whether the claims arise out of the

4

same set of operative facts or the same transaction." *Id.* (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)). "Even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.* at 226-27. This principle enforces "the rule that a party must allege in one proceeding all claims and/or counterclaims for relief arising out of a single occurrence, or be precluded from pursuing those claims in the future." *Id.* at 227.

In this case, the Torres' claims arise out of the same operative facts as in their two 2019 federal cases—the alleged scheme orchestrated by Wells Fargo to fraudulently foreclose on the couple's home. The parties in the litigations are the same. And, because the 2019 cases were dismissed with prejudice, the previous cases reached a final judgement on the merits. *See Adams v. Lever Bros. Co.*, 874 F.2d 393, 394 (7th Cir. 1989).

In their Responses, the plaintiffs insist that the case is not barred because it raises a new claim—recovering for the loss of the neighboring properties. But as discussed above, the relevant question is not whether there is a new claim but whether that claim arises out of a new set of operative facts. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (applying res judicata to dismiss a pro se litigant's case when the litigant brought new claims based on the same factual allegations). Although the plaintiffs' allegations about the neighboring properties are brief and unclear, the Complaint suggests that they are fundamentally connected to the fraud and discrimination allegations that have already been litigated. It was the Torres family's

interest in the properties that allowed Wells Fargo to conduct its alleged fraud, and the fraudulent scheme apparently prevented the couple from completing the purchase. The Torres couple could have brought all their current claims in the first 2019 case without adding any new parties or sets of operative facts.[3] As a result, res judicata bars this case.

The Compliant is dismissed with prejudice. This is the third time in two years the plaintiffs have brought the same issues to the court. The plaintiffs also brought a factually similar case in 2013. *Torres v. Wells Fargo*, 2013 WL 4101270 (N.D. Ill.). Should the plaintiffs seek to bring another case relitigating the foreclosure, they may face sanctions. *See* F.R.C.P. 11(b).

The plaintiffs have also filed a Motion to Strike the defendants' Motions to Dismiss. Dkt. 61. The filing raises alleged technical issues with the defendants' Motions, such as a failure to include their handwritten signatures, and attempts to add claims like intentional infliction of emotional distress.[4] Objections to the lack of signatures lack merit and is not a basis to strike a pleading. And attempts to raise entirely new causes for relief, like intentional infliction of emotional distress, in a motion to strike is entirely improper. The Torres' Motion to Strike [61] is denied.

---

[3] In their Responses, the plaintiffs suggest that they did not bring the neighboring properties claim in the previous litigation because of an oral agreement with Wells Fargo, which the bank subsequently breached. While Wells Fargo's alleged breach may give rise to some other legal claim, it does not obviate the preclusive effect of res judicata on those brought in the Complaint.

[4] Although the Torres couple include new counts their Motion, they arise from the same operative facts and would also be barred by res judicata.

6

### III. Conclusion

For the stated reasons, the defendants' Motions to Dismiss [16, 18, 35, 45, 55] are granted. All counts are dismissed with prejudice. The Plaintiffs have also filed a Motion to Strike the defendants' motions. This Motion to Strike [61] is denied as to all defendants. Civil case terminated.

E N T E R:

Dated: March 30, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge